DEVORE *v.* RAPID RAILWAY CO.

CARRIERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—STREET RAIL-
WAYS.

Although a prospective passenger, standing close to the
track to signal an interurban car to stop, had a right
to assume, when his signal received no negative response,
that the car would stop, he had no right to continue to
indulge said assumption after he had positive evidence,
by its increasing speed, that it was not going to stop, and,
therefore, by remaining in his position until struck and
injured, he was guilty of contributory negligence barring
recovery.[1]

Error to Macomb; Warner (Glenn E.), J., presid-
ing.   Submitted April 8, 1926.   (Docket No. 48.)
Decided June 7, 1926.

Case by Gilbert Devore against the Rapid Railway
Company for personal injuries.   Judgment for de-
fendant *non obstante veredicto.*   Plaintiff brings
error.   Affirmed.

*Bratton & Bratton,* for appellant.

*William G. Fitzpatrick* and *Lungerhausen, Weeks &
Lungerhausen,* for appellee.

MCDONALD, J.   This action was brought to recover
damages for personal injuries which the plaintiff
claims were caused by defendant's negligence.   The
defendant owns and operates an interurban railway
between the city of Detroit and Mt. Clemens, Michi-
gan.   South of Mt. Clemens there is a station known
as Nicolia's stop, and the next station to the south is
Camden Junction.   The plaintiff was employed in

---

[1]Carriers, 10 C. J. § 1492.
Contributory negligence of person struck by street car while
waiting for a car, see note in 22 L. R. A. (N. S.) 228.

Detroit.   For two years prior to the accident he had been in the habit of frequently taking passage for Detroit on defendant's cars at Camden Junction.   At this junction there is no station, but cars stop on signal.   On November 6, 1923, the day of the accident, the plaintiff arrived at Camden Junction in the early morning intending to board one of the defendant's cars at that point and ride to Detroit.   He saw the car stop to take on passengers at Nicolia's stop, which was two or three blocks to the north.   As it approached he stepped to the edge of the track and gave the signal to stop by waving his hand.   He received no response to the signal but assumed that the car would stop because it was the custom that if it was not intended to stop the motorman would signify such intention by two sharp blasts of his whistle.   On this occasion the car did not stop or slow down, but came on at a rapid rate of speed and struck the plaintiff on the leg, seriously injuring him.   It is the plaintiff's claim that, relying on the assumption that the car would stop or slow down in response to his signal, he remained in the position that he had taken until it was too late to escape being hit; and that the defendant was negligent in failing to stop the car or in failing to signify its intention not to do so.   The defendant offered no testimony, but at the close of the plaintiff's case moved for a directed verdict on the ground that negligence on the part of the defendant had not been shown, and that under the undisputed evidence the plaintiff was guilty of contributory negligence.   A ruling on the motion was reserved and the case submitted to the jury.   The plaintiff was given a verdict of $4,000.   Thereafter, the court entered a judgment for the defendant notwithstanding the verdict.

The controlling question in this case is whether the plaintiff was guilty of contributory negligence as a

matter of law.   The facts are undisputed.   The plaintiff testified that he placed his left foot on the tie within six or eight inches of the rail and began to signal the car when it was 100 feet away.   He says he knew if he retained that position he would be injured by the approaching car.   He watched it as it moved towards him for a distance of 100 feet.   It came on with increasing speed and gave no indication that it intended to stop.   He made no attempt to get out of the way until the car was upon him.   He was still signaling.

"*Q.* You were in the act of moving your foot off of the ties at the time you were struck by the street car?

"*A.* Yes.

"*Q.* How long did it take to move your foot off those ties on to the pavement?

"*A.* I kept signaling and it hit my leg and away I went.

"*Q.* How long would it take you to remove your foot off the ties and on to the pavement?

"*A.* Not long.

"*Q.* You could do that instantly; pretty quick?

"*A.* Yes."

He had put himself in a place of danger.   He was so near the track that the car could not pass without hitting him.   He knew this, and yet in the face of the impending danger he made no effort to escape until it reached him.   These facts are established by the plaintiff's testimony, and show contributory negligence, unless, as his counsel contend, he is not chargeable with contributory negligence because he was within his right in acting on the assumption that the defendant would stop the car before it reached him. When the plaintiff placed himself close to the track and gave the customary signal and received no negative response, he had a right to assume that the car would stop, but he had no right to continue to indulge in that presumption after there was presented to him positive evidence that it was not going to stop.   It

continued towards him with increasing speed, and gave no indication that it was going to stop.    When it was within 10 feet of him running at a rapid rate of speed he must have known that it was intending to pass.    It could not stop then in time to avoid hitting him.    He had no right to be indulging in any presumptions at that time.    He knew that it would strike him unless he withdrew from the track, which he could have done instantly.    He could have done so when it was within five feet of him.    So it must be held that he realized the impending danger and had ample time to withdraw to a place of safety.    He did not do so. In view of these undisputed facts, the plaintiff was guilty of contributory negligence, and the circuit judge was right in so holding as a matter of law.

The judgment is affirmed, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, FELLOWS, and CLARK, JJ., concurred.    STEERE and WIEST, JJ., concurred in the result.